```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION


KEVIN GREENE,                     *

      Plaintiff,                  *

vs.                              *
                                      CASE NO. 4:16-CV-147 (CDL)
COLUMBUS CONSOLIDATED            *
GOVERNMENT,
                                 *
      Defendant.                 *
_____
                                 *
```

O R D E R

Presently pending before the Court are Defendant's motion to dismiss Plaintiff's complaint (ECF No. 4) and Plaintiff's construed motion to amend his complaint (ECF No. 6).[1] The Court finds that Plaintiff should be permitted to amend his complaint which makes Defendant's motion to dismiss moot. The Court, however, places limits on Plaintiff's amendments as explained in the remainder of this Order.

Plaintiff suggests that he may have a claim against the Muscogee County Sheriff based on the sheriff's termination of his employment. But it is clear that both official and individual capacity claims against the sheriff would be futile. *See Pellitteri v. Prine*, 776 F.3d 777, 783 (11th Cir. 2015)

---

[1] Plaintiff did not label his request as a "motion to amend." But in Plaintiff's response to Defendant's motion to dismiss, Plaintiff requests leave to amend his complaint. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss 14-17, ECF No. 6.

(holding that a Georgia sheriff was entitled to Eleventh Amendment immunity in his official capacity for his decision to terminate the plaintiff); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (holding "that the [ADA] does not provide for individual liability" in the employment discrimination context); *Albra v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007) (per curiam) (holding that there is no individual liability for ADA retaliation claims when the act opposed by the plaintiff is made unlawful by the employment discrimination provisions of the ADA); *Wascura v. Carver*, 169 F.3d 683, 387 (11th Cir. 1999) (holding "that a public official sued in his or her individual capacity is not an 'employer' under the FMLA"). Accordingly, the Court does not permit any amendment naming the sheriff as a Defendant.

The Columbus Consolidated Government (CCG) makes a strong argument in its motion to dismiss that it is not Plaintiff's employer contrary to Plaintiff's allegation in his complaint. *See Jordan v. Conway*, 441 F. App'x 761, 764 (11th Cir. 2011) (per curiam) (affirming the district court's dismissal of Gwinnett County as an improper defendant in the plaintiff's ADEA and Title VII case because the plaintiff, a sheriff's deputy, "was employed by the Sheriff's Department, which, under Georgia law, is a separate entity from the County"). Plaintiff would be

well served in his amended complaint to state facts that support his summary allegation that he was an employee of CCG.[2]

A review of Plaintiff's complaint also reveals vague allegations of facts in support of his claims. For example, he does not even allege the nature of his disability or the facts supporting his contention that he was terminated because of it. Plaintiff should be mindful of the direction provided by the Supreme Court in *Iqbal* and *Twombley* as to the sufficiency of pleadings. *See Chapman v. U.S. Postal Serv.*, 442 F. App'x 480, 485 (11th Cir. 2011) (per curiam) (affirming that the plaintiff failed to state an ADA claim where "[s]he did not specify whether she had a physical or a mental disability, what the disability was, or how it impaired a major life activity"); *cf. Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) ("To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims.").

---

[2] The Court notes that the court in *Jordan* did not address the extent to which Gwinnett County had control over the plaintiff's termination. It is unclear from the present record in this case whether the sheriff delegated to CCG the authority for CCG to make certain employment decisions regarding Plaintiff and whether CCG accepted that authority and exercised it in this case. Whether a county could be considered an employer for purposes of the ADA and/or FMLA under this type of hybrid situation seems to be a question of first impression in this circuit. It also would appear that if Plaintiff makes sufficient factual allegations in support of such a claim, this issue of first impression would be best decided on a full factual record at summary judgment rather than at the motion to dismiss stage.

Plaintiff shall electronically file his amended complaint within twenty-one days of today's Order and serve it as required by law.  Defendant shall have twenty-one days from the date of service to file responsive pleadings to the amended complaint.

IT IS SO ORDERED, this 18 day of August, 2016.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA